IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-HC-2034-MU

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| ROBERT JOHN SEGER, ) | |
| ) | |
| Respondent. ) | |

THIS MATTER is before the court upon respondent's motion to dismiss (DE # 74) the government's petition for commitment pursuant to 18 U.S.C. § 4248 ("§ 4248"). Petitioner has responded and opposes the motion. Also before the court is respondent's appeal (DE # 80) of the Magistrate Judge's order (DE # 76) denying respondent's motion for timely disclosure of impeachment witnesses. Petitioner has responded urging the court to affirm the order. The matters are ripe for ruling.

### Motion to Dismiss (DE # 74)

Respondent "asserts that 18 U.S.C. § 4248 constitutes criminal, and not civil, proceedings. Accordingly, the statute violates his constitutional rights to a jury trial, proof beyond a reasonable doubt, and freedom from ex post facto lawmaking." Mot. Dismiss (DE # 74) 1. The Fourth Circuit Court of Appeals has specifically held that § 4248 commitment actions are civil proceedings. United States v. Timms, 664 F.3d 436, 456 (4th Cir. 2012), petition for cert. filed (U.S. June 4, 2012) (No. 11-10654). Therefore, respondent's argument for application of the various constitutional protections afforded to criminal defendants is misplaced.

Respondent next asserts that, even if § 4248 proceedings are civil, the "clear and convincing evidence" standard violates due process. The Fourth Circuit has expressly held the "clear and convincing evidence" standard of proof in § 4248 is constitutional. United States v. Comstock, 627 F.3d 513, 524 (4th Cir. 2010), cert. denied, 131 S. Ct. 3026 (2011).

Respondent also asserts that § 4248 violates the constitutional guarantee of equal protection "because it applies to individuals 'in the custody of the Bureau of Prisons,' unfairly subjecting individuals to possible commitment based on their status as a prisoner." Mot. Dismiss (DE # 74) 2 (citation omitted). The Fourth Circuit has specifically rejected this argument. Timms, 664 F.3d at 449; see also United States v. Wooden, — F.3d —, —, No. 11-7226, 2012 WL 3855641, at *9 (4th Cir. Sept. 6, 2012). Accordingly, respondent's equal protection challenge is without merit.

Respondent next contends that "the length of time he has been detained past his release date – since 2008 – without a hearing violates his right to procedural due process." Mot. Dismiss (DE # 74) 2. The Fourth Circuit considered a similar challenge in Timms, 664 F.3d at 449-55. The court held that the particular delay in that case did not violate due process. Id. at 454-55. The court also noted, "[E]ven if Timms' case constituted a due process violation, the proper remedy would not be release, but to conduct the hearing and adjudicate whether he is a 'sexually dangerous person' under the statute." Id. at 455 n.19.

The government commenced this action on March 10, 2008, automatically staying respondent's release from criminal confinement. See 18 U.S.C. § 4248(a). His projected date for release from criminal confinement was March 20, 2008. See Certification of Sexually Dangerous Person (DE # 1-2) 2. On March 11, 2008, the court appointed counsel to represent respondent and ordered the case to be held in abeyance pending the appellate litigation in five consolidated cases where the court found § 4248 unconstitutional. See Order (DE # 2); see also United States v.

2

Comstock, 507 F. Supp. 2d 522 (E.D.N.C. 2007), aff'd, 551 F.3d 274 (4th Cir. 2009), rev'd in part, 130 S. Ct. 1949 (2010), on remand, rev'g dist. ct., 627 F.3d 513 (4th Cir. 2010), cert. denied, 131 S. Ct. 3026 (2011).

On May 17, 2010, the Supreme Court ruled that Congress did not exceed its constitutional authority when it enacted § 4248, but the high court remanded the case to the Fourth Circuit for further proceedings. Comstock, 130 S. Ct. at 1965. After the Supreme Court ruling, this court lifted the stay in this case on June 11, 2010 (see DE # 7), even though appellate litigation continued in Comstock. In Timms, the Fourth Circuit held, "[T]he Government simply cannot be held responsible for the time period during which Timms' case remained in abeyance throughout the lengthy appellate proceedings in Comstock." 664 F.3d at 453.

On June 23, 2010, respondent filed a motion to dismiss in which he stated, "At this time, Respondent does not request a hearing on the merits of his case." Mot. Dismiss (DE # 8) 3.

On January 27, 2011, respondent first requested a hearing on the merits. Mot. (DE # 17).[1] On January 31, 2011, the court entered a scheduling order (DE # 19), which established a discovery process to last approximately six months beginning in April 2011. See also Notice (DE # 22). On August 3, 2011, respondent filed a motion (DE # 34) requesting an extension of his deadline for initial disclosures. On August 8, 2011, the court granted the extension by text order (DE # 38), setting a new deadline of October 28, 2011, for the completion of all discovery.

On December 12, 2011, the court allowed respondent's counsel to withdraw. See Order (DE # 46). Respondent's present counsel filed his notice of appearance (DE # 47) the same day. The

---

[1] On January 28, 2011, Respondent filed a corrected motion for hearing (DE # 18), only changing the case number in the caption, which was incorrect in the original motion for hearing (DE # 17). The court granted both motions by text order (DE # 25).

3

court allowed additional discovery after respondent's present counsel assumed the representation. See Order (DE # 53) (setting new discovery deadline of March 30, 2012). On March 28, 2012, the court issued an order setting the commitment hearing in this action to commence on June 11, 2012. Order (DE # 63). On May 29, 2012, respondent filed a motion (DE # 71) to continue the commitment hearing. On May 30, 2012, the court granted respondent's requested continuance. (DE # 73). On June 28, 2012, the court issued an order (DE # 82) setting the commitment hearing to commence on January 24, 2013.

Under the circumstances of this case, the delay does not violate due process. Moreover, even if the delay created a due process violation, dismissal is not warranted; the proper remedy would be for the court to hold a commitment hearing. The commitment hearing will proceed as scheduled on January 24, 2013.

Accordingly, respondent's motion to dismiss is without merit.

### Appeal of Magistrate Judge's Order (DE # 80)

Respondent appeals from the order (DE # 76) of United States Magistrate Judge James E. Gates denying his motion to compel petitioner to disclose prior to the commitment hearing any witness it anticipates it will call at the hearing for the purposes of impeachment. See Resp. Appeal (DE # 80). The court DENIES respondent's request for a hearing on the appeal.

On an appeal from any non-dispositive matter, "[a] judge shall consider the appeal and set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Local Rule 72.4(a), E.D.N.C.; see also 28 U.S.C. § 636(b)(1)(A). In denying respondent's motion, the Magistrate Judge held, "The federal rules expressly exempt from pretrial disclosure requirements witnesses presented solely for impeachment. See Fed. R. Civ. P. 26(a)(3)(A). Respondent has failed to justify the court adopting an exception to this provision." Order (DE # 76).

4

Having fully considered the appeal, the court finds that the Magistrate Judge's decision is not clearly erroneous or contrary to law. Accordingly, the Magistrate Judge's order will be affirmed. The court's affirmance, however, is without prejudice to respondent's right to request appropriate relief should petitioner call an unanticipated impeachment witness at the commitment hearing.

For all of the foregoing reasons, respondent's motion to dismiss (DE # 74) is DENIED and the Magistrate Judge's order denying respondent's motion for timely disclosure of impeachment witnesses (DE # 76) is AFFIRMED.

IT IS SO ORDERED.

Signed: 16 Oct 2012

Graham C. Mullen
United States District Judge